**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| MARCUS E. HENDERSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     CAUSE NO.: 3:13-CV-346 TLS |
| | ) |
| ST. JOSEPH COUNTY JAIL, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**OPINION AND ORDER**

On April 19, 2013, the Plaintiff, Marcus E. Henderson, a *pro se* prisoner, filed a Complaint [ECF No. 1] pursuant to 42 U.S.C. § 1983. In his Complaint, the Plaintiff alleges that on or about September 20, 2010, while he was being held in the St. Joseph County Jail, money in his account at the jail was disbursed in violation of a State court order. He also alleges that he was unable to bond out on November 20, 2010, because he was required to post more money than the State court had ordered. This is not the first time that the Plaintiff has asserted these claims. In *Henderson v. Lawson*, 3:12-CV-536 (N.D. Ind. filed September 20, 2012), he raised these same issues. In that case, he stated that the violations continued "up to and include Jan. of 2011." *Id.* at [ECF No. 1-1 at 1]. Because that complaint was otherwise vague, it was stricken with leave to refile. The Plaintiff was sent a form so that he could file an amended complaint, but he did not return it. That case was dismissed without prejudice on October 22, 2012.

Pursuant to 28 U.S.C. § 1915A, the Court must review this prisoner complaint. "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). Here, all of the Plaintiff's claims arose by January 2011. Thus, the latest he could file these claims was January 2013. Henderson's complaint in 3:12-CV-536 was

timely—as would have been his amended complaint if he had filed one. But this Complaint is untimely. This Complaint was not signed until April 19, 2013, months after the statute of limitation had expired. Although the statute of limitation is an affirmative defense, dismissal is appropriate where it is clear that the claim is time barred. *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009).

    For the foregoing reasons, this case is DISMISSED because it is untimely.

    SO ORDERED on June 18, 2013

     s/Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION